MD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Marcel Sojka, II, | No. CV 13-1449-PHX-DGC (DKD) |
| Petitioner, | |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

On July 16, 2013, Petitioner Alan Marcel Sojka, II, who is confined in the Arizona State Prison Complex-Eyman, Cook Unit, in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). That same day, Petitioner filed a Motion "To Stay and Abey Habeas Proceedings Until State Remedies are Exhausted" (Doc. 4). Petitioner subsequently filed a Motion to Appoint Counsel (Doc. 8) and a "Motion to Access Lexis-Law or Westlaw" (Doc. 9). The Court will call for a response to the Motion to Stay and Abey, will refer the Motion to Stay and Abey to the Magistrate Judge, and will deny the motions for appointment of counsel and access to Westlaw or Lexis.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. *See* LRCiv 3.5(b).

. . . .

**TERMPSREF**

## II.     Petition

Petitioner was convicted in Maricopa County Superior Court, case #2002-093045, of first-degree murder and seven counts of child abuse. Petitioner was sentenced to multiple terms of imprisonment, the longest of which was lifetime imprisonment with the possibility of parole after 35 years. Petitioner appealed the improper use of a prior felony conviction in sentencing, and the Arizona Court of Appeals vacated and remanded for resentencing on the child abuse charges. *See State v. Sojka*, No. 1 CA-CR 06-0413, 2007 WL 5249029 (Ariz. App. Dec. 11, 2007). On remand, the state court imposed the same enhanced sentence it had previously imposed, and the Court of Appeals affirmed. *See State v. Sojka*, No. 1 CA-CR-08-0441, 2008 WL 5077632 (Ariz. App. Dec. 2, 2008). Petitioner again appealed, and the Court of Appeals, by memorandum decision, affirmed Petitioner's convictions and sentences and issued an order and mandate on January 28, 2009.[1]

Petitioner sought state post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32, alleging multiple grounds, which the court classified into thirteen separate categories: (1) the trial judge was biased and hostile toward the defense team; (2) the presiding criminal judge improperly denied a motion for change of judge; (3) the evidence was insufficient to support Petitioner's conviction; (4) the indictment was contrary to the weight of the evidence; (5) prosecutorial misconduct; (6) the trial judge committed evidentiary errors and abused his discretion; (7) Petitioner was precluded from offering testimony from his parents and their spouses; (8) the State failed to disclose or investigate exculpatory evidence; (9) the trial judge improperly denied Petitioner's request for a *Willits* instruction; (10) the State failed to establish *corpus delicti*; (11) the jury did not find Petitioner committed a dangerous crime against children; (12) Petitioner received ineffective assistance of trial counsel; and (13) Petitioner received ineffective

---

[1] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/022012/m5103522.pdf (last visited Sept. 11, 2013).

assistance of appellate counsel.[2] The court precluded all but the ineffective assistance claims because the precluded claims could have been raised on direct appeal and, thus, were waived.[3] On February 10, 2012, the court dismissed Petitioner's petition for post-conviction relief.[4] Petitioner filed several requests for rehearing/reconsideration of the court's February 10, 2012 ruling dismissing his petition for post-conviction relief. On August 7, 2012, the court confirmed its February 10, 2012 ruling and stated that its February 10 order shall serve as a "final decision" for purposes of Rule 32.9(c).[5] The court initially granted several extensions of time for Petitioner to file a petition for review of the court's February 10, 2012 ruling, but eventually denied any further requests, most recently on March 5, 2013 and April 15, 2013.[6] Petitioner then filed a Special Action in the Arizona Court of Appeals, case 2-CA-SA-13-0120, challenging the trial court's denial of his motion for extension of time, and the court of appeals declined jurisdiction on May 7, 2013.[7] On May 30, 2013, Petitioner filed a Special Action with the Arizona Supreme Court, case CV-13-0172 PR, challenging the court of appeals' decision.[8] Petitioner's Special Action was still pending at the time he filed the instant Petition.

In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises six grounds for relief. In Ground One, Petitioner claims ineffective assistance of trial counsel, which he then

---

[2] *See id.*

[3] *See id.*

[4] *See id.*

[5] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/082012/m5364597.pdf (last visited Sept. 11, 2013).

[6] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/032013/m5663497.pdf and http://www.courtminutes.maricopa.gov/docs/Criminal/042013/m5726921.pdf (last visited Sept. 11, 2013).

[7] *See* http://apps.supremecourt.az.gov/aacc/appella/1CA%5CSA%5CSA130120.PDF (last visited Sept. 11, 2013).

[8] *See* http://apps.supremecourt.az.gov/aacc/appella/ASC%5CCV%5CCV130172.pdf (last visited Sept. 11, 2013).

- 3 -

TERMPSREF

1  breaks down into thirteen separate subcategories of allegedly deficient performance.  In
2  Ground Two, Petitioner alleges that his appellate counsel was ineffective and then sets
3  forth nine areas in which his appellate counsel was allegedly deficient.  In Ground Three,
4  Petitioner alleges that his appointed counsel in his post-conviction proceeding was
5  ineffective.  In Grounds Four and Five, Petitioner alleges that he is entitled to an
6  evidentiary hearing on his ineffective assistance of counsel claims.  In Ground Six,
7  Petitioner asserts that his rights under the Fifth, Sixth and Fourteenth Amendments were
8  denied because the jury was allowed to base its verdict on improper factors.

**III.    Motion to Stay and Abey**

As noted above, Petitioner has filed a motion to stay and abey.  In the motion, Petitioner states that he is currently appealing the trial court's denial of his petition for review as untimely.  He asserts that if the appeal prevails, he could be directed to re-file his petition for review in the court of appeals.  If the appeal fails, he states that the stay of this action could be lifted and the "submitted habeas petition would progress as required."  The Court will order briefing and refer the motion to the Magistrate Judge.

**IV.    Motion to Appoint Counsel**

As noted above, Petitioner has filed a motion for appointment of counsel.  Petitioner contends he should be appointed counsel because, at trial, he faced the possible imposition of the death penalty.  He also cites, among other reasons, his indigence; his lack of education; the complexity of the evidence and facts; his belief that "a manifest injustice" would occur if he were denied counsel because he is "ill equipped for an evidentiary hearing"; and because he lacks access to "facts & evidence in court that would readily vacate the convictions."

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970)); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965)).  Further, while the Court has

- 4 -

discretion to appoint counsel when "the interests of justice so requires," 18 U.S.C. § 3006A(a)(2), Petitioner has not demonstrated that justice so requires in this case. Accordingly, Petitioner's motion to appoint counsel will be denied.

### V.     Motion to Access Westlaw or Lexis

Petitioner asserts that he has no access to a law library or electronic databases such as Lexis or Westlaw and requests an order that he be provided with paper copies of approximately fifty cases that he lists in his motion, along with any cases cited by Respondents.

The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents. *Lewis v. Casey,* 518 U.S. 343, 350 (1996). That right, however, only encompasses the ability to bring petitions or complaints to court and not to discover or even effectively litigate such claims once filed with a court. *Id.* at 354; *see also Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") Accordingly, Petitioner's motion is denied.

### VI.    Warnings

#### A.     Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B.     Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to

- 5 -

Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) Petitioners Motion to Appoint Counsel (Doc. 8) and "Motion to Access Lexis-Law or Westlaw" (Doc. 9) are **denied.**

(3) The Clerk of Court must serve a copy of the Petition (Doc. 1), the Motion "To Stay and Abey Habeas Proceedings Until State Remedies are Exhausted" (Doc. 4), and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(4) Respondents must respond to the Motion to Stay and Abey within **40 days** of the date of service.

(5) Petitioner may file a reply to the Response to the Motion to Stay and Abey within **30 days** from the date of service of the Response.

(6) This matter, including the Motion to Stay and Abey, is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

Dated this 13th day of September, 2013.

_____
David G. Campbell
United States District Judge

TERMPSREF