**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Marcel Sojka II, | No. CV-13-01449-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On July 16, 2013, Petitioner Alan Marcel Sojka II filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The Court referred the petition to Magistrate Judge David K. Duncan, and later to Magistrate Judge Eileen S. Willett. Docs. 5, 38.  Judge Willett issued a report and recommendation ("R&R") recommending that the Court dismiss the petition as untimely.  Doc. 39.  Pro se Petitioner filed an objection to the R&R.  Doc. 50.  For the reasons set forth below, the Court will overrule his objections and adopt Judge Willett's recommendation that the petition be dismissed.

## I.     Introduction.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1).  As relevant here, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[1] For general background on this case (to which Petition has not objected), see the R&R.  Doc. 39 at 2-4.

the time for seeking such review." § 2244(d)(1)(A). The limitations period is subject to both statutory tolling and equitable tolling. Statutory tolling is available for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Equitable tolling is available where "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006). In addition, a petitioner is entitled to an equitable *exception* to the AEDPA's statute of limitations if he makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

Judge Willett determined that (1) the AEDPA limitations period began to run on January 2, 2009, the last day on which Sojka could have petitioned the Arizona Supreme Court for direct review of his conviction (Doc. 39 at 7 & n.5); (2) the limitations period was subject to statutory tolling from January 6, 2009 through February 10, 2012, during which Sojka's petition for post-conviction review ("PCR") was pending before the Maricopa County Superior Court (*id.* at 8-9); and (3) the limitations period was not subject to any additional statutory tolling because Sojka did not have a "properly filed" PCR petition pending in state court at any time after February 10, 2012 (*id.* at 9-14). Next, Judge Willett determined that Sojka was not entitled to equitable tolling because he had not shown that extraordinary circumstances made it impossible for him to file a timely habeas petition. *Id.* at 14-19. Finally, Judge Willett determined that Sojka was not entitled to an equitable exception to the limitations period because he had not made a credible showing of actual innocence. *Id.* at 19-21. Based on these findings, Judge Willett concluded that the limitations period expired on February 6, 2013, making Sojka's petition 160 days late. *Id.* at 19.

In his written objections, Sojka argues that (1) he is entitled to statutory tolling (or, in the alternative, equitable tolling) for the period between February 11, 2012 and September 24, 2012, when he was seeking reconsideration of the Superior Court's denial on his PCR petition (Doc. 50 at 4-7); and (2) he is entitled to equitable tolling for the

period between September 25, 2012 and July 16, 2013, when he diligently sought to appeal the denial of his reconsideration petition but was impeded by the Superior Court's unexpected application of a state-law procedural bar (*id.* at 7-12).  The Court reviews Sojka's objections de novo; the portions of the R&R to which he does not object will be adopted without further discussion.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**II.    Analysis.**

    **A.    Statutory Tolling.**

    On February 10, 2012, the Superior Court denied Sojka's PCR petition.  Doc. 39 at 3 (citing Doc. 17-2 at 130-41).  The court initially set March 30, 2012 as the deadline to file a petition for reconsideration, but later granted Sojka's request for an extension.  *Id.* (citing Doc. 17-2 at 147-48, 150-52, 165).  On May 7, 2012, the court extended the deadline to file a motion for reconsideration until June 29, 2012, warning Sojka "that no further continuances will be granted absent a substantial showing of extraordinary circumstances."   *Id.* at 10 (citing Doc. 17-5 at 151).   Sojka failed to file his reconsideration motion by this deadline, and instead filed three additional extension requests.  *Id.*  The court denied these requests on August 7, 2012, finding that Sojka had "failed to make the required showing of extraordinary circumstances sufficient to justify a further extension of time."  *Id.* (citing Doc. 17-5 at 151).

    In September 2012, Sojka filed a motion to set aside the final decision, a motion to extend the deadline to file a petition for review by the Court of Appeals, and a petition for reconsideration.  *Id.* at 11 (citing Docs. 17-3 at 3-8, 9-101; 17-4).  On September 24, 2012, the Superior Court issued a minute entry denying the motion to set aside the final decision, but granting the motion to extend the time for seeking appellate review.  *Id.* (citing Doc. 17-5 at 2).  The court subsequently amended the minute entry to deny the petition for reconsideration as well.  *Id.* (citing Doc. 17-5 at 4).

    Judge Willett found that statutory tolling was not available for this period because Sojka never presented the Superior Court with a "properly filed" petition for

reconsideration.  Doc. 39 at 9-11.  She noted that "time limits, no matter their form, are 'filing' conditions," which means that an untimely PCR petition is not "properly filed" for purposes of AEDPA.  *Id.* at 7-8 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

Sojka notes that the Superior Court dispensed with a prior, improperly filed motion with an order stating that "no action w[ould] be taken" on the motion.  Doc. 50 at 4 (citing Doc. 17-2 at 155).  Because the Superior Court did not enter a similar order with respect to his reconsideration petition, he reasons, it must have concluded that it was not improperly filed.  *Id.*  Relatedly, he argues that it must be presumed that a summary denial was made on the merits.  *Id.* at 5 (citing *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.")).

Sojka's arguments are unavailing.  First, there is no question that Sojka's petition was untimely.  After an initial extension, the Superior Court ordered Sojka to file his petition by June 29, 2012, warning him that further extensions would not be granted absent a showing of extraordinary circumstances.  Sojka did not file his petition before June 29, 2012, and his requests for an additional extension were denied.  Thus, Sojka's motion was untimely and not properly filed.

Second, the April 12, 2012 minute entry did not purport to establish a generally applicable procedure for improperly filed motions; it merely stated that the court would not take action on the particular motion pending before it.  Sojka does not point to any Arizona case or rule of procedure requiring the Superior Court to deal with subsequent improper filings in the same way.

Third, although Sojka is right that courts generally presume that a summary denial was made on the merits, he overlooks the fact that this presumption "may be overcome when there is reason to think some other explanation for the state court's decision is more likely."  *Harrington*, 562 U.S. at 99-100 (citation omitted).  That is the case here.  Sojka's

motion was dismissed several months after the court-ordered filing deadline, after the court found that Sojka had not demonstrated any extraordinary circumstances justifying an extension, and after the court explicitly denied three additional extension requests.  It would be highly unusual for a court, after refusing to extend the filing deadline, to nonetheless consider the merits of a petition filed several months late.  In any event, even if the Superior Court did overlook the obvious untimeliness of Sojka's petition to deny it on the merits, that would not render the petition "properly filed" for purposes of AEDPA. *See Carey v. Saffold*, 536 U.S. 214, 225-26 (2002) (explaining that "[a] court will sometimes address the merits of a claim that it believes was presented in an untimely way," but that does not render the claim properly filed for purposes of AEDPA).

Because Sojka's reconsideration petition was never properly filed, he is not entitled to statutory tolling for the period between February 11, 2012 and September 24, 2012.

### B.    Equitable Tolling.

To establish his entitlement to equitable tolling, Sojka must show that (1) he pursued his claims diligently during the relevant period; (2) extraordinary circumstances beyond his control made it impossible for him to file a timely habeas petition; and (3) these circumstances proximately caused his untimeliness.  *Roy*, 465 F.3d at 969; *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001), *rev'd en banc on other grounds*, 295 F.3d 1046 (9th Cir. 2002).

### 1.    February 11, 2012 to September 24, 2012.

Sojka argues that he is entitled to equitable tolling for the period during which he sought reconsideration because he diligently pursued his rights during this time but was thwarted by circumstances beyond his control.  Doc. 50 at 6-7.  Specifically, Sojka states that he was unable to file a proper petition for reconsideration because (1) a prison lockdown made it impossible for him to comply with the court-ordered filing deadline; (2) the court failed to docket his first extension request; and (3) the court denied his subsequent extension requests based on the mistaken assumption that "he was trying to

use the rehearing process to relitigate the PCR petition." *Id.* at 7.

The problem for Sojka is that his arguments address the wrong question. The pertinent question is not whether extraordinary circumstances prevented Sojka from filing a timely reconsideration petition, but whether extraordinary circumstances prevented him from filing a timely *habeas* petition. Sojka has not shown that the difficulties he faced in complying with the reconsideration deadline had any bearing on his ability to file a timely habeas petition. Nor could he. As of the date his reconsideration petition was denied, Sojka still had 136 days to file a habeas petition, and he made several significant filings in state courts during this time. Because the difficulties Sojka faced in complying with the reconsideration deadline did not make it impossible to file a timely habeas petition, he is not entitled to equitable tolling based on these difficulties.

### 2.    September 25, 2012 to July 16, 2013.

After the Superior Court denied Sojka's petition for reconsideration, Sojka sought to extend the deadline to appeal this decision to the Arizona Court of Appeals. On November 5, 2012, the Superior Court granted an extension until November 30, 2012, warning that no additional extensions would be granted "absent a substantial showing of extenuating circumstances." Doc. 39 at 12 (citing Doc. 17-5 at 156). Shortly before this deadline, Sojka filed another extension request. *Id.* After the deadline, but before the Superior Court could act on this request, Sojka petitioned the Arizona Court of Appeals for review. *Id.* (citing Doc. 17-5 at 28-128). The State moved to preclude Sojka's petition as untimely, and the Court of Appeals granted this motion, indicating that the Superior Court could authorize a late filing if it found that Sojka was not responsible for the delay. *Id.* at 13 (citing Doc. 17-6 at 14-16, 29). On March 5, 2013, the Superior Court ruled that Sojka was not entitled to an extension, stating: "Upon review and consideration of [Sojka's] present submission, the Court finds that [he] has failed to make the required showing of extraordinary circumstances sufficient to justify a further extension." Doc. 17-6 at 27.

Sojka argues that he is entitled to equitable tolling for this period because he

diligently sought to appeal the denial of his reconsideration petition but was impeded by the Superior Court's unexpected application of state law, which precluded him from obtaining appellate review and rendered him ineligible for statutory tolling under AEDPA.  Doc. 50 at 7-11.  Sojka notes that the court's November 5, 2012 order stated that the court would grant an extension upon "a substantial showing of extenuating circumstances," while its March 5, 2013 order applied an "extraordinary circumstances" standard.  Doc. 50 at 8-9.  Sojka argues that he made a showing of "extenuating circumstances," and that his petition for review would have been allowed to proceed but for the Superior Court's retroactive application of the more stringent "extraordinary circumstances" standard.  *Id.*  In support of this argument, Sojka cites *Urcinoli v. Cathel*, 546 F.3d 269 (3d Cir. 2008), for the proposition that "a court's action, even if legitimate when taken, may constitute an extraordinary circumstance warranting equitable tolling if it later operates to prevent a plaintiff from pursuing his rights."  *Id*. at 275.

For several reasons, the Court finds Sojka's argument insufficient.  First, it asks this Court to find that the Superior Court misapplied Arizona law (as set forth in the Superior Court's own November 5, 2012 order).  But a federal habeas court will not disturb a state court's interpretation of state law unless the interpretation is "untenable or . . . a subterfuge to avoid federal review of a constitutional violation."  *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989).  The Superior Court's interpretation of its prior order was neither.  Although a distinction might be drawn between "extenuating" and "extraordinary" circumstances, nothing in Arizona law requires such a distinction, and it was not unreasonable for the Superior Court to conflate the terms.

Second, Sojka has not shown that Superior Court's failure to apply an "extenuating circumstances" test resulted in the denial of his extension request.  Sojka argues that there were extenuating circumstances justifying an extension: his limited education, lack of access to case law, and inability to conduct factual research in a timely manner.  Doc. 50 at 8.  But the Superior Court was aware of all of this when it set the November 30, 2012 deadline; it clearly did not intend to grant an extension absent

evidence that Sojka faced some *additional* impediment to timely filing.  Because Sojka fails to identify any such impediment, he cannot show that the Superior Court's failure to apply an "extenuating circumstances" standard resulted in the denial of his extension request.

Third, even if Sojka could show that the Superior Court's failure to apply an "extenuating circumstances" standard resulted in the denial of his extension request, he could not show that this denial proximately caused him to miss the AEDPA filing deadline.  Sojka was not required to wait for the Superior Court to decide his extension request before filing his habeas petition; he could have filed a protective habeas petition immediately after he missed the deadline for filing a reconsideration petition.  *See Pace*, 544 U.S. at 416 (where there is "reasonable confusion" about whether prisoner's state court petition will be deemed timely, the prisoner may file a protective habeas petition in federal court).  Sojka has not shown that extraordinary circumstances prevented him from filing such a protective petition, and the possibility that the Superior Court might have allowed his reconsideration petition to proceed was certainly no impediment to the filing of such a petition.

The fact that Sojka could have filed a protective habeas petition renders *Urcinoli* distinguishable.  That case involved a federal habeas court's dismissal – after the limitations period had ended – of a prisoner's timely, exhausted claims.  546 F.3d at 273.  Because the district court's action completely foreclosed any possibility that the prisoner could obtain federal habeas relief on claims he had properly presented in a habeas petition, the Third Circuit held that the district court's decision was an "extraordinary circumstance" justifying equitable tolling.  *See id.* at 273-77.  By contrast, nothing the Superior Court did prevented Sojka from filing a protective habeas petition within the limitations period.  His decision not to do so is not an extraordinary circumstance justifying equitable tolling.

**IT IS ORDERED:**

1.    Magistrate Judge Eileen S. Willett's R&R (Doc. 39) is **accepted**.

2.      Sojka's petition for writ of habeas corpus (Doc. 1) is **denied** with prejudice.

3.      The Clerk of the Court is directed to **terminate** this action.

Dated this 12th day of February, 2016.

David G. Campbell
United States District Judge